IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| Marcia Denmon, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  4:21-cv-457 |
| Kansas Counselors, Inc., a Kansas Corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Marcia Denmon, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Marcia Denmon ("Denmon"), is a resident of the State of Missouri, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owes to Rockhill Orthopedic Specialists.

4. Defendant, Kansas Counselors, Inc. ("KCI"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer

debts that it did not originate. KCI operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Missouri. In fact, Defendant KCI was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed to Rockhill Orthopedic Specialists ("Rockhill"). Sometime after this debt went into default, Defendant KCI attempted to collect this debt from her via negative credit report. Unsure about Defendant KCI, and unsure about the debt, Ms. Denmon sent KCI a letter on March 30, 2021, telling it to cease contacting her and that she disputed the debt that it was trying to collect from her. A copy of Ms. Denmon's letter and facsimile confirmations are attached as Exhibit A.

6. Nonetheless, Defendant KCI sent a collection letter to Ms. Denmon dated May 19, 2021, regarding payment of the disputed debt. A copy of Defendant's May 19, 2021, collection letter is attached as Exhibit B.

7. On June 15, 2021, Ms. Denmon obtained and reviewed a copy of her Experian credit report, which showed that Defendant KCI had continued to report the Rockhill debt, but had failed to note that the debt was disputed. The pertinent part of Ms. Denmon's Experian credit report is attached as Exhibit C.

8. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, this debt on Plaintiff's credit report impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on

Plaintiff's credit report, that it was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Denmon, and negatively impacted her credit score.

## ARTICLE III STANDING

9. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

10. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer demanded that it cease communications with respect to such debt and has knowledge of, or can readily ascertain, the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

11. Ms. Denmon believed that she had the right to refuse to pay this debt, to demand that collection communications cease, and a right to privacy. Defendant's

collection communications made her believe that her demands had been futile and that she did not have the rights that Congress had granted her under the FDCPA. Defendant's collection actions resulted in a direct invasion of Ms. Denmon's legally-protected right to be left alone and her right to privacy – rights granted to consumers under § 1692c of the FDCPA.

12. Defendant's actions caused Plaintiff to question whether she could refuse to pay the debt and whether she had the right to be left alone – all of which upset, distressed and alarmed Ms. Denmon.

13. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Peters v. Gen. Serv. Bureau, 277 F.3d 1051, 1055 (8th Cir. 2002).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337,

346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

17. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

18. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

21. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

22. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

23. Plaintiff adopts and realleges ¶¶ 1-14.

24. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

25. Here, the letter from Plaintiff to Defendant told Defendant to cease communications and cease collections. By directly communicating with Plaintiff regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

26. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Marcia Denmon, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Denmon, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Marcia Denmon, demands trial by jury.

Marcia Denmon,

By: /s/ James R. Crump
One of Plaintiff's Attorneys

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: June 30, 2021

James R. Crump    (#65514)
Ryan M. Callahan    (#62666)
Callahan Law Firm, LLC
222 West Gregory
Suite 210
Kansas City, Missouri 64114
(816) 822-4041
james@callahanlawkc.com
ryan@callahanlawkc.com

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com