IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARCIA DENMON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KANSAS COUNSELORS, INC., a Kansas )<br>corporation, )<br>)<br>Defendant. ) | Case No. 4:21-cv-00457-HFS |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND SUPPORTING SUGGESTIONS**

Pursuant to Fed. R. Civ. P. 59(e) and 60(b), Defendant Kansas Counselors, Inc. ("KCI") moves the Court to reconsider its March 10, 2023 Order (Doc. 32) and Judgment (Doc. 33) granting Plaintiff's Motion for Summary Judgment (Doc. 20) and denying Defendant's Motion for Summary Judgment (Doc. 22).

KCI seeks reconsideration because the Court should now consider the Eighth Circuit Court of Appeals' recent opinion construing the Fair Debt Collection Practices Act ("FDCPA") in Bassett v. Credit Bureau Services, Inc., 60 F.4th 1132 (8th Cir. 2023) (issued February 24, 2023), which demonstrates that Plaintiff cannot establish an actual injury by receipt of one benign letter for purposes of establishing Article III standing. As set forth fully below, at the heart of the Bassett decision is the directive that—while a common law analogue does not have to be identical to the alleged intangible injury at bar—if it is missing a core element of the common law claim it falls short as a basis to show standing. In Bassett, the court found that the common law analogue at issue (fraud), without reasonable reliance, was insufficient. Indeed, *attempted fraud* has never been recognized as a viable claim in American jurisprudence. Thus, there was not a "close

1

OM 1066625.1

relationship" between the FDCPA violation and fraud to support standing. Likewise, intrusion upon seclusion, without the intrusion being "substantial" and "highly offensive to a reasonable person," has never been recognized as sustainable at common law. *Minor inconveniences* upon seclusion are not enough. A core element of the claim is once again missing.

So, this Court must ask itself if the receipt of one factually accurate letter is "substantial" and "highly offensive" as those terms have been understood at common law for over 200 years. If, as is obvious, the Court cannot so conclude, then it must change its ruling to be consistent with the Bassett framework.

I. **BACKGROUND**

Plaintiff alleges that KCI violated the Fair Debt Collection Practice Act ("FDCPA") by sending her one letter that stated as follows:

> We recently received your request for verification of your account with our office.
>
> In response to your request, we are enclosing documents provided by our client which verify your debt.
>
> Now that your debt has been validated, we will resume collection activity on your account. We are always interested in assisting you in your efforts to resolve this matter.
>
> Please contact one of our representatives at (913) 284-7568, and we will be happy to help you establish suitable arrangements.
>
> Sincerely,
> Kansas Counselors
>
> This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

(Doc. 22-1 at Exhibit B.) Undisputedly, the only "injury" Plaintiff has identified as a result of the May 19, 2021 letter is an "invasion of Ms. Denmon's legally-protected right to be left alone and her right to privacy," which caused her to question whether she could refuse to pay the debt, and "distress[] and alarm[]." (Doc. 13-1 ¶¶ 9-10; Doc. 32 at 2.)

2

OM 1066625.1

Case 4:21-cv-00457-HFS   Document 35   Filed 03/28/23   Page 2 of 10

On cross-motions for summary judgment, the Court determined that "view[ing] the evidence in the light most favorable to plaintiff," Plaintiff "met her burden of alleging a sufficient injury to establish Article III standing." The Court also issued Judgment for Plaintiff. In rendering its Order, the Court did not discuss or apply the Eighth Circuit's very recent opinion in Bassett, where the Eighth Circuit determined that the plaintiff did not establish Article III standing for an alleged violation of the FDCPA based upon the mere receipt of one letter. Bassett, 60 F.4th at 1137-38. Respectfully, the Court should re-examine its holding in light of this new guidance from the Eighth Circuit.

## II.  MOTION TO RECONSIDER STANDARD

The Federal Rules of Civil Procedure do not provide for "motions for reconsideration." Peterson v. The Travelers Indem. Co., 867 F.3d 992, 997 (8th Cir. 2017). But courts "typically construe [a motion for reconsideration] as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011). Rule 59(e) motions are intended to correct manifest errors of law or fact. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988).

Rule 60(b) allows relief from an order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to meet Rule 59(e)'s deadline; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; a judgment based on an earlier judgment that has been reversed or vacated; or when applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); see also Elder–Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006).

## III. ARGUMENT

### A. <u>Bassett</u> Dictates That Plaintiff Lacks Standing.

Reconsideration of the Court's Order and Judgment is necessary to correct a manifest error of law and judgment must enter for KCI because Plaintiff lacks standing. Plaintiff asserted that she suffered an actual injury sufficient to establish Article III standing because the one letter at issue "intruded upon her seclusion and invaded her privacy," which was closely related to the tort of invasion of privacy and intrusion upon seclusion.[1] (Doc. 32 at 4.) In its March 10, 2023 Order, this Court accepted Plaintiff's erroneous argument, finding that Plaintiff had met her burden of establishing standing under the common law analogue of intrusion upon seclusion. (Order at 7).[2]

In supporting its ruling, the Court discussed and relied upon a number of out-of-circuit cases. This was understandable given the dearth of instructive case law from the Eighth Circuit on standing claims under the FDCPA. Now, with the issue being directly addressed by this binding precedent in <u>Bassett</u>, the Court should reverse course and dismiss the case for lack of standing.

Indeed, the central holding in <u>Bassett</u> is that standing claims derived from intangible injuries require that the alleged injury must be "the same kind of harm as required by the [common law tort]." <u>Bassett</u>, 60 F.4th at 1137. The court went on to hold that while "an exact duplicate in American history and tradition" is not required, there must be an "injury resembling these harms"

---

[1] Of course, invasion of privacy is not a separate tort, but rather there are four separate torts grouped under the rubric "invasion of privacy." <u>See Fletcher v. Price Chopper Foods of Trumann, Inc.</u>, 220 F.3d 871, 875 (8th Cir. 2000) (explaining that the Restatement (Second) of Torts "delineates four separate torts grouped under the rubric 'invasion of privacy'"). Here, only the tort of "intrusion upon seclusion" is at issue.

[2] In denying Defendant's motion to dismiss the Court noted that it "views the evidence in the light most favorable to plaintiff." While that is the correct standard for that motion, it is not clear that the Court employed the same standard when granting Plaintiff's motion for summary judgment. Meaning, when examining Plaintiff's motion for summary judgment the Court must view the evidence in the light most favorable to Defendant. This is required. <u>Doe I v. Peterson</u>, 528 F. Supp. 3d 1068 (D. Neb. 2021), aff'd, 43 F.4th 838 (8th Cir. 2022).

to show an injury in fact. Id. In other words, if an important part of the cause of action is missing, there is not a "close" resemblance to the common law tort, and therefore, no basis for standing.

The Eighth Circuit, in reversing the district court, outlined the appropriate analysis for the trial court in examining the applicability of the putative common law analogue. In rejecting standing for the FDCPA claim at issue, the Eighth Circuit compared the record before it to the elements of the proffered common law analogues of fraudulent misrepresentation and conversion. Id. at 1136. The Eighth Circuit looked at the core components of fraudulent misrepresentation and conversion and held that "[f]raudulent misrepresentation recognizes harm flowing from plaintiffs' reasonable reliance on a misrepresentation," and "[c]onversion recognizes harm resulting from a wrongful deprivation of or interference with plaintiffs' property." Id. The court then found the record devoid of any "reasonable reliance" to support a fraud claim, and no "deprivation of property rights" to support a conversion claim. Id. at 1137. Because Bassett did not show any harm "that bears a 'close relationship' to the type of injury that results from reliance on a misrepresentation or wrongful interference with property rights," the court held that Bassett did not suffer a concrete injury in fact. Id.

Here, like Bassett, Plaintiff did not show that any harm bears a "close relationship" to the type of injury that results from the common law analogue, which is intrusion upon seclusion. KCI sent Plaintiff one letter. Plaintiff did not assert that the single letter was inaccurate, offensive, obscene, or false in any regard. Instead, the letter explained Plaintiff's rights. It is beyond cavil that the receipt of one truthful letter cannot constitute an intrusion upon one's solitude that is both "substantial" and "highly offensive to a reasonable person," which as discussed immediately below, are both required to maintain such common law claim.

OM 1066625.1

The Eighth Circuit further provided a roadmap for determining when a common law analogue has a sufficiently "close relationship" to the claim at issue to demonstrate standing. In short, you must examine the tort's elements.

The Bassett court even examined intrusion upon seclusion as a possible common law analogue for FDCPA cases. The court cited to The Restatement (Second) of Torts as a guide to the requirements of the common law tort of intrusion upon seclusion. Id. at n. 1 (citing to The Restatement (Second) of Torts and noting "receipt of a letter alone may not be an intrusion that 'would be highly offensive to a reasonable person'"). The Restatement further makes clear that there is no liability for this tort "unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object." Restatement (Second) of Torts § 652B, cmt. d (1977).

The Restatement also offers examples of acts that are actionable or not. As such, "knocking at the plaintiff's door, calling him to the telephone on one occasion or even two or three, to demand payment of a debt" is not the type of harm recognized at common law as actionable intrusion upon seclusion. Id. Moreover, unsolicited mailings do not constitute an actionable intrusion. Restatement (Second) of Torts § 652B, Reporter's Note to Comment d (1977).

Conversely, the types of conduct that may be highly offensive include: looking into a person's upstairs windows with binoculars; tapping a person's telephone wires; opening a person's mail without permission; entering a person's hospital room and taking a photograph of the person over objection; or taking a photograph of a woman whose skirt blows over her head, revealing her underwear. Id. at cmt. b and Illustrations 1 and 7.

OM 1066625.1

Reviewing the scope and interpretation of this common law claim plainly demonstrates that the facts before this Court are insufficient to prove standing. Consideration of the types of interferences above that have been found to be "highly offensive to the ordinary reasonable man," as compared to the more mundane conduct for which liability is not found, aptly demonstrates that this case presents the latter, not the former. The type of harm Plaintiff alleged here—concern from receiving one letter—simply is not within the ambit of the "highly offensive" harm required for the tort of intrusion upon seclusion. As such, the <u>Bassett</u> framework is not met and the case should be dismissed for want of standing.

    **B.    The Eighth Circuit Rejected Standing Based Upon Mere Non-Compliance With The Law.**

Lost in Plaintiff's analysis of her standing are any references to common sense. The receipt of one letter—while perhaps a technical violation of the FDCPA—could not rise to the level of material intrusion upon her right to be left alone as recognized by the common law. If that were the case, it would be the proverbial exception that would swallow the rule. Indeed, if something as minor as the receipt of a single, truthful letter is sufficient to demonstrate injury under the tort of intrusion upon seclusion, then nearly every daily interaction between human beings could give rise to such a claim. American courts have never adopted such a low bar for this claim, and **the Eighth Circuit has now clearly directed lower courts to not simply ignore the absence of core elements of the proposed common law analogue claim when determining standing**. Absent an argument that somehow advances that the receipt of the single letter being "highly offensive" to the average person, and a "substantial" invasion of Denmon's seclusion, standing fails.

What Plaintiff really seeks here is to ensure KCI's compliance with regulatory law, 15 U.S.C. § 1692c(c), and to obtain some money via the statutory damages. But, this is precisely the type of claim that the Eighth Circuit has now held does not demonstrate a concrete injury in fact.

7

Bassett, 60 F.4th at 1137-38 (rejecting standing and holding "Bassett is 'not seeking to remedy any harm to herself, but instead is merely seeking to ensure a defendant's compliance with regulatory law'" citing Spokeo and TransUnion).

**C.    Lupia and Similar Cases Were Called Into Question By The Bassett Court.**

In support of her position, Plaintiff relied heavily upon Lupia v. Medicredit, Inc., 8 F.4th 1184 (10th Cir. 2021), where the Tenth Circuit determined that one telephone call posed the same kind of harm as the common law tort of intrusion upon seclusion. Id. at 1192.  In its Order granting summary judgment for Plaintiff, this Court cited to Lupia and other out-of-circuit cases. (Doc. 32 at 4, 7.)  However, any application of the Lupia rationale within this Circuit is now highly suspect.

Indeed, in discussing claims of intrusion upon seclusion as a basis for standing, the Bassett Court noted the Lupia holding but then cited to the Restatement (Second) of Torts § 652B (1977) for the principle that "receipt of a letter alone may not be an intrusion that 'would be highly offensive to a reasonable person.'"  Bassett, 60 F.4th at 1136 at n.2.  If the Eighth Circuit thought that Lupia was good law, it could have plainly said so.  It did not.  Or, it could have left out its contrary reference to the Restatement and the quotation therefrom that clearly contradicted the Lupia holding.  We must consider these decisions by the Eighth Circuit purposeful.

Moreover, the contrary reference to the Restatement is fully consistent with the actual holding in Bassett.  The Bassett Court held that misstatements without reasonable reliance did not bear a sufficiently close relationship to common law fraud to warrant standing.  Likewise, a finding of intrusion upon seclusion based upon the receipt of one letter, thus missing the core element of a "substantial invasion" that was "highly offensive to a reasonable person," is also insufficient to prove a close relationship to the common law intrusion upon seclusion tort to warrant standing.  Put simply, Lupia is bad law (at least in this Circuit).

8

OM 1066625.1

## IV. CONCLUSION

In accordance with the Eighth Circuit's decision in Bassett, this Court should reconsider its Order and determine that the receipt of one truthful letter does not bear the required "close relationship" to the type of injury that results from intrusion upon seclusion because one such letter is not a "substantial" invasion that is "highly offensive to a reasonable person." Through the Bassett ruling, the Eighth Circuit has shown lower courts that they must reject standing premised upon common law analogues where an essential component of the common law tort is missing. Plaintiff's claim herein fails this test. Standing, therefore, is lacking.

For the reasons set forth above, Defendant urges this Court to reconsider its March 10, 2023 Order and grant KCI's motion for summary judgment/dismissal and dismiss this action for lack of standing.

Dated this 28th day of March, 2023.

Respectfully submitted,

SPENCER FANE LLP

By: s/ Joshua C. Dickinson
Joshua C. Dickinson    MO Bar No. 51446
Kersten L. Holzhueter    MO Bar No. 62962
1000 Walnut, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
E-mail: jdickinson@spencerfane.com
        kholzhueter@spencerfane.com

Shilee T. Mullin    MO Bar No. 52207
Spencer Fane LLP
13520 California Street, Suite 290
Omaha, NE 68154
Telephone: (402) 965-8600
Facsimile: (402) 965-8601
E-mail: smullin@spencerfane.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri on the 28th day of March, 2023, with notice of case activity generated and sent to counsel of record.

I further certify that a courtesy paper copy of the foregoing was submitted to the District Judge, per the Scheduling Order (Doc. 14), via first class mail addressed as follows:

Senior Judge Howard F. Sachs
Charles Evans Whittaker U.S. Courthouse
Room 6452, 400 E. 9th Street
Kansas City, MO 64106

                                                  s/ Joshua C. Dickinson