**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| MARCIA DENMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00457-HFS |
| | ) | |
| KANSAS COUNSELORS, INC., a Kansas | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR LEAVE TO CITE ADDITIONAL AUTHORITY

Pending in this case is the Motion for Reconsideration of Defendant Kansas Counselors, Inc. ("KCI"). (Doc. 35.) In the Motion for Reconsideration, KCI asked the Court to reconsider its March 10, 2023 Order, wherein the Court determined that Plaintiff met her burden of alleging sufficient injury to establish Article III standing where she claimed that KCI's May 19, 2021 letter to her violated her right to be left alone and her right of privacy. (Doc. 32 at 2, 8.) KCI asked that the Court reconsider its Order in light of the Eighth Circuit's opinion in Bassett v. Credit Bureau Services, Inc., 60 F.4th 1132 (8th Cir. 2023).

On August 17, 2023, the United States District Court for the Eastern District of Missouri entered a Memorandum and Order in Ebaugh v. Medicredit, Inc., No. 23-209, 2023 WL 5289226 (E.D. Mo. August 17, 2023), which, as set forth below, supports KCI's assertion that transmission of the letter at issue in this case does not demonstrate standing. KCI asks that the Court allow it leave to cite Ebaugh in support of its Motion for Reconsideration. [1]

---

[1] On April 19, 2023, Plaintiff filed a Motion for Leave to Cite Additional Authority in support of her Suggestions in Opposition to the Motion for Reconsideration ("Plaintiff's Motion for Leave"). (Doc. 43.) The additional authority consisted of the opinion in Ward v. NPAS, 63 F.4th 576 (6th Cir. 2023). The Court granted Plaintiff's Motion for Leave on April 26, 2023. (Doc. 44.) KCI also filed a Motion for Leave to Cite Additional Authority consisting of the opinion in Pucillo v. National Credit Systems, Inc., No. 21-3131, -- F.4th --, 2023 WL 3090627 (7th Cir. Apr. 26, 2023), and that Motion is pending before the Court. (Doc. 45.) Defendant apologizes for the multiple supplements

OM 1089998.1

In Ebaugh, the defendant sent plaintiff a letter with a settlement offer for a discount on a debt after plaintiff's attorney informed defendant in writing that plaintiff was represented by counsel and to cease contacting her, inter alia. Id. *1. As a result of defendant's letter, plaintiff brought suit alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), including violations of 15 U.S.C. §§ 1692c(c) and 1692(c)(a)(2). Id. The plaintiff alleged in her complaint that the letter alarmed, confused, and emotionally distressed her, invaded her right to privacy, and that she suffered "out-of-pocket expenses." Id. The defendant filed a motion to dismiss for lack of Article III standing. Id.

The Eastern District of Missouri granted the motion to dismiss, citing Bassett and concluding:

> Plaintiff's bare allegations of injury that stem from receipt of one letter sent in violation of the FDCPA is insufficient to establish standing. Without a concrete injury in-fact, the Court would be authorizing any plaintiff to sue a defendant for compliance with regulatory law, instead of seeking to remedy harm to his or herself. Bassett, 60 F.4th at 1137.

Id. *4. As to her "invasion of privacy" injury, the court found that, first, invasion of privacy is not a tort under Missouri law. Id. *2. The plaintiff acknowledged this fact and asserted that she meant that receipt of the letter was analogous to the tort of intrusion upon seclusion. Id. This is the same argument advanced by Plaintiff in this suit.

Nonetheless, the court found that this theory failed because "standing on the grounds that a mailbox communication is not 'the injury associated with intrusion upon seclusion.'" Id. (quoting Pucillo, 66 F.4th at 640-42). In so doing, the court distinguished the line of cases relied upon by Plaintiff herein related to alleged intrusions through cellphone calls or text. Id. The court aptly recognized the differences between the non-intrusive receipt of mail delivered to one's fixed

---

to the briefing, but as the Court is aware, this is a new and evolving area of the law. Defendant believes that a ruling from this Court's sister district in Missouri will be persuasive authority in this matter.

OM 1089998.1

location mailbox, and the messaging to one's cell phone (which generally is on or near the owner). The court noted "there are harms inherent in messaging one's cellphone that are not similarly present when considering communication via mailbox." Id.

Here, like in Ebaugh, Plaintiff alleges that she received a collection letter via mail and that the mere receipt of the letter "resulted in a direct invasion of Ms. Denmon's legally-protected right to be left alone and her right to privacy—rights granted to consumers under § 1692c of the FDCPA." (Doc. 43 at 2.) Ebaugh serves as further support that Plaintiff's receipt of one letter is not an intrusion that would be highly offensive to a reasonable person and, thus, she cannot establish a close relationship to a traditionally recognized harm for purposes of Article III standing. Thus, KCI respectfully requests that the Court consider the order in Ebaugh v. Medicredit, Inc. as additional authority in support of its Motion for Reconsideration (Doc. 35), and to apply the same commonsense approach to its ruling herein by finding that the receipt of one letter via mail does not "closely resemble" the common law tort of intrusion upon seclusion.

Dated this 23rd day of August, 2023.

Respectfully submitted,

SPENCER FANE LLP

By: s/ Joshua C. Dickinson
Joshua C. Dickinson        MO Bar No. 51446
Kersten L. Holzhueter      MO Bar No. 62962
1000 Walnut, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
E-mail: jdickinson@spencerfane.com
          kholzhueter@spencerfane.com

3

OM 1089998.1

Shilee T. Mullin        MO Bar No. 52207
Spencer Fane LLP
13815 FNB Parkway, Suite 200
Omaha, NE 68154
Telephone: (402) 965-8600
Facsimile: (402) 965-8601
E-mail: smullin@spencerfane.com

ATTORNEYS FOR DEFENDANT

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri on the 23rd day of August, 2023, with notice of case activity generated and sent to counsel of record.

s/ Joshua C. Dickinson

OM 1089998.1